UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DARNELL WESLEY MOON, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 2:11-cv-221-JMS-WGH |
| FEDERAL BUREAU OF PRISONS, et al., | ) ) ) | USCA No. 11-3439 |
| Defendants. | ) | |

**Entry Discussing Selected Matters**

**I.**

The plaintiff's motion for leave to file an amended complaint [8] is **denied** without prejudice. He may renew such motion, if timely made and if accompanied by the tendered amended complaint.

The plaintiff's request that he be supplied with a copy of the original complaint [8] is **granted.** The clerk shall include a copy of the requested document with the plaintiff's copy of this Entry.

**II.**

The plaintiff has filed a notice of appeal with respect to the Order of October 12, 2011, acting on his request to proceed *in forma pauperis*. That notice of appeal has been processed and the appeal has been docketed as No. 11-3439.

The plaintiff's notice of appeal includes his request to certify that appeal as appropriate for an interlocutory appeal.

"Non-final orders or decrees are not appealable as a matter of right;" interlocutory appeal is an extraordinary remedy. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474 (1978) (citing 28 U.S.C. § 1292(b)). A district court judge may, in its discretion, certify a question for interlocutory appeal where: (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "For the doctrine to apply, the challenged order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the underlying action; and (3) be effectively unreviewable from a final judgment." *Coopers and Lybrand,* 437 U.S. at 468. All three elements must be satisfied for certification.

*Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 376 (1981). The plaintiff has not addressed the criteria of § 1292(b). The order from which the plaintiff seeks to appeal could not be reasonably understood as supplying a basis on which the criteria of § 1292 could be satisfied. Accordingly, the plaintiff's request that his notice of appeal be certified as a proper interlocutory appeal [9] is denied.

### III.

The plaintiff seeks leave to proceed on appeal *in forma pauperis.*

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. ' 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of ' 1915 must be judged by an objective, not a subjective, standard. *Id.* A plaintiff demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *Farley v. United States,* 354 U.S. 521 (1957) (absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *U.S. v. Gicinto,* 114 F.Supp. 929 (W.D.Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

There is no objectively reasonable argument which the plaintiff could present to argue that the ruling as to which he has filed a notice of appeal was erroneous or that the ruling is itself appealable at this time. In pursuing an appeal from that ruling and at this time, the plaintiff Ais acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.@ *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

The plaintiff's request to proceed on appeal *in forma pauperis* [14] is **denied**.

The plaintiff's motion for an expedited ruling [14] is **denied** as unnecessary.

**IT IS SO ORDERED.**

Date: 11/16/2011

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Darnell Wesley Moon
34077-044
Terre Haute U.S.P
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808